## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSE

| | |
|---|---|
| **DERYA KAYA**, | ) |
|    *Plaintiff*, | )   <u>**CIVIL No. 25-5436**</u> |
| | ) |
|    v. | ) |
| | ) |
| **PAM BONDI**, Attorney General Of the U.S., | ) |
| **KRISTI NOEM**, Secretary, Department of | ) |
| Homeland Security, **KASH PATEL**, Director, | ) |
| Federal Bureau Of Investigations, | ) |
| **RANDI BORGEN**, Director, Newark Field Office, | )   <u>**PETITION FOR WRIT**</u> |
| U.S. Citizenship and Immigration Services; and | )   <u>**OF MANDAMUS UNDER**</u> |
| **UR M. JADDOU**, Director,  U.S. Citizenship and | )   <u>**28 U.S.C. §§ 1361, , 8 U.S.C. § 1447(b)**</u> |
| Immigration Services, | ) |
| | ) |
|    *Defendants*. | ) |

Plaintiff DERYA KAYA, by and through her counsel, Guvenc Acarkan, Esq., alleges as follows:

### INTRODUCTION

1.     Derya Kaya is a lawful permanent resident who is statutorily eligible to apply for naturalization and become a United States Citizen. Plaintiff has been a lawful permanent resident for over 5 years with a 10-year green card, thus meeting the residence requirements for naturalization under 8 U.S.C. § 1427(a). She completed her Form N-400 naturalization interview on March 12, 2024, passed both the English language and U.S. history and government tests, and timely responded to a Request for Evidence on April 8, 2024. Despite these completed steps, USCIS has failed to adjudicate her naturalization application. The 120-day statutory period expired on July 10, 2024, and this Court now has jurisdiction under 8 U.S.C. § 1447(b) remand the matter to USCIS with appropriate instructions to adjudicate the application.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this case pursuant to

8 U.S.C. § 1447(b), which provides that if USCIS fails to make a determination on a

naturalization application within 120 days after the date of examination, the applicant

may apply to the United States district court for the district in which the applicant

resides for a hearing on the matter, and the court may remand the matter to USCIS

with appropriate instructions.

3.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question

jurisdiction), 28 U.S.C. § 1361 (mandamus action to compel an officer or employee

of the U.S. or agency thereof to perform a duty owed Plaintiff), 28 U.S.C. § 2201(a)

(declaratory judgment), and 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) as Plaintiff resides in

Cliffside Park, New Jersey, within the jurisdiction of this Court.

## PARTIES

5.     Plaintiff Derya Kaya is a lawful permanent resident who resides at 457 Lincoln Ave,

Cliffside Park, NJ 07010. Plaintiff has applied for U.S. citizenship through

naturalization. Her claim to become a U.S. citizen arises under 8 U.S.C. § 1427.

6.     Defendants are the U.S. Attorney General Pam Bondi, the Secretary of the U.S.

Department of Homeland Security Kristi Noem, the Director of the U.S. Federal

Bureau of Investigation Kash Patel, the Director of the Newark, New Jersey Field

Office of the U.S. Citizenship and Immigration Services Randi Borgen, and the

Director of the U.S. Citizenship and Immigration Services Ur M. Jaddou. Defendants

are all officers or employees of the United States or agencies thereof, responsible for

adjudicating Applications for Naturalization, Form N-400, under the Immigration and Nationality Act and implementing regulations. *See , e.g.*, *Id.* §§ 1427, 8 C.F.R. Parts 316, 335.

## STATEMENT OF FACTS

7.      Plaintiff became a lawful permanent resident of the United States more than 5 years ago and possesses a 10-year green card. She has therefore satisfied the residence requirements for naturalization as set forth in 8 U.S.C. § 1427(a), which requires an applicant to have been lawfully admitted for permanent residence and have resided continuously in the United States for at least five years preceding the filing of the application.

8.      On November 9, 2023, Plaintiff filed a Form N-400, Application for Naturalization with USCIS. See Receipt Notice dated November 13, 2023, a true and correct copy of which is attached hereto as Exhibit A.

9.      On March 12, 2024, Plaintiff appeared for her scheduled naturalization interview at the USCIS Newark Field Office, as required by 8 U.S.C. § 1446 and 8 C.F.R. § 335.2. this interview, which constitutes the "examination" under 8 U.S.C. § 1447(b), Plaintiff was questioned under oath about her application and eligibility for naturalization. See Form N-652, Naturalization Interview Results dated March 12, 2024, a true and correct copy of which is attached hereto as Exhibit B.

10.     During the interview, Plaintiff passed both the English test and the U.S. history and government test, as indicated on the N-652 form provided to her at the conclusion of the interview. However, the interviewing officer checked Box B on the N-652 form, indicating that "A decision cannot be made yet about your application."

11.     On March 25, 2024, USCIS issued a Request for Evidence (RFE) asking Plaintiff to

submit IRS tax return transcripts for the past three years, NJ State tax return

transcripts for the past three years, and evidence of tax payment with IRS and the

State of NJ for the past three years. See RFE Notice dated March 25, 2024, a true and

correct copy of which is attached hereto as Exhibit C.

12.     The Request for Evidence notice gave Plaintiff until April 29, 2024, to respond.

13.     On April 8, 2024, Plaintiff timely submitted all the requested documentation in full

compliance with the Request for Evidence.

14.     As of the date of this filing, USCIS has not issued a decision on Plaintiff's

naturalization application.

15.     The 120-day statutory period after Plaintiff's naturalization examination on March 12,

2024 expired on July 10, 2024, which triggered this Court's jurisdiction under 8

U.S.C. § 1447(b). As of today, more than 349 days have passed since the expiration

of the 120-day statutory period, and USCIS has still not adjudicated Plaintiff's

naturalization application.

16.     Plaintiff has taken all required steps to comply with the naturalization process and has

responded promptly to all USCIS requests. The continued delay in adjudicating her

application is unreasonable and deprives her of the benefits of U.S. citizenship.

17.     As a result of the agency's prolonged and unlawful delay in adjudicating her

naturalization application, Plaintiff has suffered ongoing and significant harm. She

remains unable to exercise the full rights and privileges afforded to U.S. citizens,

including the right to vote, the ability to obtain a U.S. passport, and the security of

full civic participation. The delay has also impeded her ability to sponsor certain

family members for immigration benefits and has caused uncertainty in her long-term planning, including employment and international travel. Moreover, the emotional toll of living in prolonged limbo despite full compliance with all procedural requirements and good faith participation in the naturalization process has caused her anxiety and distress. This harm is compounded by the absence of any explanation or resolution from USCIS, leaving her without any meaningful remedy absent judicial intervention.

## **PRAYER FOR RELIEF**

18.    Under 8 U.S.C. § 1427(a), an applicant for naturalization must have been "lawfully admitted for permanent residence" and have "resided continuously" in the United States for at least five years preceding the filing of the application. Plaintiff satisfies these requirements, having been a lawful permanent resident for more than five years with a 10-year green card.

19.    Under 8 U.S.C. § 1447(b), "If there is a failure to make a determination under 8 U.S.C. § 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

20.    The 120-day period after Plaintiff's examination expired on July 10, 2024, and USCIS has failed to make a determination on her naturalization application, which violates the statutory timeframe mandated by Congress.

21.     Defendants have a clear, non-discretionary duty to adjudicate Plaintiff's naturalization application within the 120-day period specified by statute. Their failure to do so entitles Plaintiff to petition this Court for relief under both 8 U.S.C. § 1447(b) and 28 U.S.C. § 1361.

22.     Plaintiff has a clear right to have her naturalization application adjudicated within the timeframe established by Congress, and no other adequate remedy exists to compel Defendants to perform their duty to adjudicate her application.

23.     **WHEREFORE**, Plaintiff requests that the Court:

   a.   Assume jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b);

   b.   Remand this matter to USCIS with instructions to adjudicate Plaintiff's Application for Naturalization within 30 days;

   c.   Retain jurisdiction over this action during the remand period to ensure compliance with the Court's order;

   d.   Grant Attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and/or other appropriate authority;

   e.   Grant such other and further relief as may be appropriate.

Date:   May 25, 2025
        New York, New York

                                        Respectfully submitted,

                                        s/Guvenc Acarkan/
                                        Law Offices of Guvenc Acarkan
                                        Guvenc Acarkan, Esq.
                                        101 Hudson. St. 21st. Fl.,
                                        Jersey City, NJ 07302
                                        Phone: 201-904-1020
                                        Fax:551-305-4123
                                        guvenc@acarkanlaw.com
                                        NJ Bar ID 269852018